E-FILED
Monday, 29 March, 2021  10:10:54 AM
Clerk, U.S. District Court, ILCD

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## ROCK ISLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 03-40021 |
| | ) | |
| RICHARD A. MITCHELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER AND OPINION

This matter is now before the Court on Defendant's Motion to Reconsider the Court's denial of his Amended Motion for Compassionate Release. ECF No. 120. For the reasons stated below, his Motion is DENIED.

### BACKGROUND

On February 20, 2003, Defendant was indicted with conspiracy to knowingly and intentionally manufacture, distribute, and possess with the intent to distribute, fifty grams or more of methamphetamine, and 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a) and (b)(1)(A). ECF No. 8. In Count 2, he was charged individually for knowingly and intentionally attempting to manufacture methamphetamine in violation of 21 U.S.C. § 841(b)(1)(C). *Id*.

On April 24, 2003, the Government filed a notice pursuant to 21 U.S.C. § 851 to rely upon Defendant's prior felony drug convictions to enhance his sentence. ECF No. 20. Defendant had previously been convicted of unlawful delivery of a controlled substance, indecency with a child, assault of a family member, and unlawful possession with intent to manufacture a controlled substance. PSR ¶¶ 53-57.

1

On April 25, 2003, Defendant pled guilty to both counts of the indictment pursuant to a written plea agreement. PSR ¶ 4; ECF No. 113-1. On May 14, 2004, this Court sentenced him to life on Count 1 and 360 months on Count 2, to run concurrently. ECF Nos. 37, 44. If released, Defendant would be placed on supervised release for ten years on Count 1 and six years on Count 2, to run concurrently. *Id*. Defendant is currently incarcerated at FCI Pekin in Pekin, Illinois and does not have an anticipated release date. ECF No. 112 at 1.

On November 30, 2020, Defendant filed a *pro se* motion for compassionate release. ECF No. 106. The Court appointed the Federal Public Defender ("FPD") to represent him. On December 15, 2020, the FPD filed an amended motion for compassionate release ("amended motion") on Defendant's behalf, arguing that his medical conditions and allegedly disparate life sentence warranted compassionate release. ECF No. 111. On December 28, 2020, the U.S. Probation Office filed a memorandum stating that Defendant's proposed release plan was unsuitable. ECF No. 112. On December 29, 2020, the Government filed a response to the amended motion. ECF No. 113. On December 30, 2020, Defendant filed a motion for leave to file reply. ECF No. 114. On January 4, 2021, the Court granted his motion and filed the reply. ECF No. 115. On January 15, 2021, this Court directed the Government to specifically respond to the arguments Defendant raised in his amended motion regarding the length of his sentence. d/e 01/15/2021. On January 21, 2021, the Government filed its sur-reply. ECF No. 116. On January 22, 2021, Defendant filed a motion for leave to file a sur-sur-reply. ECF No. 117. The Court granted his motion and filed the sur-sur-reply. ECF No. 118.

On February 9, 2021, this Court entered an Order denying Defendant's amended motion. ECF No. 119. The Court rejected Defendant's arguments regarding his sentence, reaffirming its prior holding in *United States v. Welker*, No. 13-CR-10061, 2020 WL 7091540 (C.D. Ill. Dec. 4,

2020). *Id.* at 9-10. The Court concluded that Seventh Circuit case law, Congressional intent, and the Sentencing Commission's guidelines collectively supported denial of Defendant's request for compassionate release. *Id.* at 4, 9-10. This Court also found that the § 3553(a) factors weighed against a sentence reduction, particularly because Defendant did not have a suitable release plan. *Id.* at 10-11. On February 23, 2021, Defendant filed a Motion to Reconsider. ECF No. 120. On March 4, 2021, the Government filed a response. ECF No. 121. This Order follows.

**LEGAL STANDARD**

"No federal rule or statute allows a motion to reconsider in a criminal case, but reconsideration motions are accepted as a common-law practice." *United States v. Townsend*, 762 F.3d 641, 645 (7th Cir. 2014). The Seventh Circuit has recognized that despite their omission from the Federal Rules of Criminal Procedure, "motions to reconsider in criminal prosecutions are proper and will be treated just like motions in civil suits." *United States v. Rollins*, 607 F.3d 500, 502 (7th Cir. 2010).

A motion to reconsider serves a limited function, which is to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit v. CBI Indus.*, 90 F.3d 1264, 1269 (7th Cir. 1996). "Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion." *Id.* at 1270.

A manifest error of law or fact "is not demonstrated by the disappointment of the losing party. It is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'" *Reaves v. Kallis*, No. 09-CR-187, 2019 WL 2648766, at *1 (C.D. Ill. June 27, 2019) (quoting *Oto v. Metropolitan Life Ins. Co.*, 224 F.3d 601, 606 (7th Cir. 2000)). "To support a motion for reconsideration based on newly discovered evidence, the moving party must 'show not only that

3

this evidence was newly discovered or unknown to it until after the hearing, but also that it could

not with reasonable diligence have discovered and produced such evidence [during the pendency

of the motion].'" *Caisse Nationale de Credit*, 90 F.3d at 1269-70 (quoting *Engelhard Indus., Inc.

v. Research Instrumental Corp.*, 324 F.2d 347, 352 (9th Cir. 1963)).

DISCUSSION

In his Motion to Reconsider, Defendant argues that the Court erred by: (1) relying on

*United States v. Arojojoye*, 806 Fed. App'x 475 (7th Cir. 2020); (2) concluding that a sentence

reduction would be contrary to Congressional intent; and (3) finding that the § 3553(a) factors did

not support reducing Defendant's sentence. In its response, the Government argues that Defendant

failed to identify any newly discovered evidence or manifest errors of law or fact which would

warrant reconsideration of the Court's Order.

**I.      This Court correctly relied upon *Arojojoye* as persuasive authority.**

First, Defendant asserts this Court erred in finding that it was "bound by" *Arojojoye*. ECF

No. 120 at 6. This Court never stated that *Arojojoye* was binding authority. ECF No. 119 at 9.

Instead, the Court acknowledged that it is bound by Seventh Circuit precedent. *Id*. The Court found

*Arojojoye* to be persuasive because it is a Seventh Circuit opinion and it used *Arojojoye* to support

its analysis. *Id*. In his pleadings, Defendant relied upon cases from other district courts and

appellate courts outside the Seventh Circuit. *See* ECF Nos. 111, 115, 118. For example, Defendant

used *United States v. McCoy*, 981 F.3d 271 (4th Cir. 2020), to urge this Court to reconsider its

holding in *Welker*, but this Court is not bound by a decision from another circuit. This Court "owes

no more than respectful consideration to the views of other circuits." *United States v. Glaser*, 14

F.3d 1213, 1216 (7th Cir. 1994) (internal citation omitted). In his Motion to Reconsider,

Defendant fails to cite any binding authority that conflicts with this Court's Order or identify any

4

misapplication of the law that warrants reconsideration. Therefore, the Court declines to reconsider its prior decision because using *Arojojoye* to support its analysis was not a manifest error of law.

## II. Declining to reduce Defendant's sentence based on an alleged disparity was not a manifest error of law.

Defendant also argues that "it was legal error for the Court to state that Mr. Mitchell's claim must be raised in a § 2255 [petition] when he is not attacking the legality of his sentence." ECF No. 120 at 10. Defendant argues that if he raised his claims in a § 2255 petition, it would be dismissed because there is nothing illegal about the sentence this Court imposed. *Id*. at 9-10. While Defendant acknowledges that his sentence was legal at the time it was imposed, he asserts that the mandatory minimum on Count 1 would be significantly lower if he was sentenced today, and his sentence on Count 2 would now be illegal. *Id*. at 9.

In support of his argument, Defendant cites to *United States v. Haynes*, 96-CR-40034, 2021 WL 406595 (C.D. Ill. Feb. 5, 2021), and argues that Judge McDade correctly noted in his decision that *Arojojoye*'s holding does not apply to claims that cannot be raised in a § 2255 petition. ECF No. 120 at 8. The Government argues that *Haynes* altered the defendant's sentence, rather than reducing his sentence to time served. ECF No. 121 at 15. According to the Government, "the *Haynes* decision invented its own hybrid procedure that allows district courts to consider non-retroactive sentencing changes in order to 'correct' a sentence." *Id*. This Court declines to reconsider its prior Order based on *Haynes*. District court decisions are not binding, even on other district judges within the same district. *See Van Straaten v. Shell Oil Products Co. LLC*, 678 F.3d 486, 490 (7th Cir. 2012).

Defendant also argues that this Court is bound by Congressional language in § 2255, which states that a prisoner may only seek habeas relief on the grounds that his sentence was: "imposed in violation of the Constitution or laws of the United States, or that the court was without

jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." ECF No. 120 at 9 (quoting § 2255(a)). In its previous Order, this Court explained the Seventh Circuit's holding in *Arojojoye*, stating:

> In *Arojojoye*, the defendant moved to modify his term of imprisonment under the compassionate release provision of the First Step Act. The defendant argued that his sentence violated the policy of avoiding "unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." *Id.* at 477 (citing 18 U.S.C. § 3553(a)(6)). The disparity between his sentence and his co-defendant's, he argued, was an extraordinary and compelling reason to reduce his sentence. The government disagreed, arguing that the compassionate release provision is not a vehicle for raising "a legal sentencing argument." *Id.* **The court recognized that while the defendant was nominally requesting relief under § 3582(c)(1)(A)(i), he was really attacking the length of his sentence, which should be raised in a § 2255 proceeding.**

ECF No. 119 at 9 (emphasis added). The Court then declined to revisit its holding in *Welker* and found that the length of Defendant's sentence did not constitute extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A). *Id.* at 9-10. This was the sole reference to § 2255 in this Court's Order. The Court finds that this does not constitute a manifest error of law that warrants reconsideration.

### III.    This Court's prior Order was not contrary to Congressional intent.

In its previous Order, this Court noted that Defendant's argument would run afoul of Congressional intent in that he was attempting to make retroactive a change in the law that Congress itself did not explicitly make retroactive. ECF No. 119 at 10. In his Motion to Reconsider, Defendant argues that this finding also amounts to error based on Congressional language. ECF No. 120 at 11. He also argues that in *Haynes*, Judge McDade noted that the "legislative history of the compassionate release statute also demonstrates Congress envisioned the mechanism being used to reduce sentences where subsequent revisions to sentencing policies render an imposed

sentence unreasonably lengthy." *Id.* at 11-12 (quoting *Haynes*, 2021 WL 406595, at *4). The Government argues that before the First Step Act, an intervening change in statutory penalties had never qualified under the compassionate release statute and USSG § 1B1.13 as an extraordinary and compelling reason to modify a final sentence. ECF No. 121 at 13. Rather, Congress and the Sentencing Commission made relief available for inmates who faced truly unique and astonishing issues, such as terminal illnesses or problems brought on by their advanced age or family circumstances. *See United States v. Gunn*, 980 F.3d 1178, 1179 (7th Cir. 2020) ("Federal judges have long been able to release prisoners for compassionate reasons such as terminal illness."). The Government further asserts that Congress's design for compassionate release never included inmates who took issue with allegedly "unfair" or "disparate" sentences, particularly when those sentences were based on generally applicable mandatory minimums. ECF No. 121 at 13.

As this Court referenced in *Welker*, the First Step Act contained certain retroactive sentencing amendments. *See* § 404 of the First Step Act (allowing courts to apply retroactively provisions of the Fair Sentencing Act of 2010 that reduced mandatory minimum penalties for crack cocaine offenses). Congress deliberately chose not to make other changes to the federal sentencing law retroactive, or to make any substantive changes to the criteria for compassionate release. *Welker*, 2020 WL 7091540, at *3 ("The Court is not persuaded that this factor [i.e., a non-retroactive change to the law] should be a strong consideration in granting a motion for compassionate release because the determination of the retroactivity of a statutory provision is made by Congress."). Congress determines if a statutory provision applies retroactively. *Dorsey v. United States*, 567 U.S. 260, 274 (2012). It is presumed that a change to criminal penalties does not apply retroactively, unless Congress provides otherwise. *Id*. at 272; *see also Middleton v. City*

*of Chicago*, 578 F.3d 655, 662 (7th Cir. 2009) ("[A] court should not apply a newly enacted statutory provision retroactively unless Congress has clearly mandated such an extension.").

Other district courts within the Seventh Circuit have reached the same conclusion. *See, e.g.*, *United States v. Goetz*, No. 98-CR-00123, 2020 WL 5423920, at *4 (S.D. Ind. Sept. 10, 2020) (denying compassionate release on the basis that the defendant "may not use 18 U.S.C. § 3582(c)(1)(A)(i)'s 'extraordinary and compelling' provision as an end-around to achieve a result that Congress did not intend."); *United States v. Scott*, No. 99-CR86, 2020 WL 7417963 (N.D. Ind. Dec. 18, 2020) (rejecting the argument that "the sentencing disparities created by [non-retroactive sentencing amendments] amount[] to an extraordinary and compelling reason justifying compassionate release").

Congress may expressly change the "extraordinary and compelling reasons" standard to cover non-retroactive changes in federal sentencing law or choose to make the applicable sentencing changes retroactive. Until then, this Court finds that the length of Defendant's sentence does not constitute extraordinary and compelling reasons for compassionate release under § 3582(c)(1)(A).

**IV.    The § 3553(a) factors do not favor a reduced sentence.**

Finally, Defendant argues that this Court failed to base its § 3553(a) analysis on his current sentencing range. ECF No. 120 at 17. Specifically, he argues that this Court must analyze whether a life sentence is appropriate when judged against a guideline range of 210 to 262 months of imprisonment if he was sentenced for the same conduct today. *Id*. at 18. He argues that his life sentence is an extraordinary and compelling reason for release and that this shapes the entire § 3553(a) analysis. *Id*.

8

As the Government notes in its response, the Defendant cites to no authority for why this Court should have premised its § 3553(a) analysis on his current sentencing range. ECF No. 121 at 17. The Court explained in its Order that a non-retroactive change in federal sentencing penalties should not be a "strong consideration" under § 3553(a), particularly where Congress has not directed the Court to take it into account. ECF No. 119 at 10. Additionally, the Court considered the seriousness of Defendant's offense, his criminal history, his disciplinary history in BOP, which included recent sanctions, and the lack of a suitable release plan before ultimately finding that the § 3553(a) factors did not favor a sentence reduction. *Id*. at 10-11. In fact, Defendant still does not have a suitable release plan, even months after his initial request for compassionate release. *See* ECF No. 120 at 19, n.2. Nothing has changed with respect to any of the Court's prior concerns. Defendant has failed to present any newly available evidence or demonstrate that the Court made any manifest errors of law or fact. Therefore, the Defendant's Motion to Reconsider is denied.

## CONCLUSION

For the reasons stated above, Defendant's Motion to Reconsider [120] is DENIED.

ENTERED this 29th day of March, 2021.

s/ Michael M. Mihm
Michael M. Mihm
United States District Judge