UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 03-40021 |
| RICHARD A. MITCHELL, | ) |
| Defendant. | ) |

**ORDER AND OPINION**

This matter is now before the Court on Defendant's Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). (D. 128). For the reasons stated below, his Motion is DENIED.

**BACKGROUND**

Defendant is currently serving a life sentence imposed under 21 U.S.C. § 841, as well as a concurrent 360-month sentence. After he was sentenced the First Step Act reduced the statutory minimum sentence under § 841(b)(1)(A) to twenty-five years. *See* Pub. L. No. 115-391, § 401(a), 132 Stat. 5194, 5221 (2018). This change was not retroactive. *Id.* In December 2020, Defendant filed his first motion for compassionate release arguing that the change to § 841(b)(1)(A), his underlying medical conditions of asthma and obesity, and the increased risks from COVID-19 were "extraordinary and compelling" reasons for his immediate release under 18 U.S.C. § 3582(c)(1)(A)(i). (D. 111). He also argued the district court should consider the change to 21 U.S.C. § 841(b)(1)(A) in weighing whether release was appropriate under 18 U.S.C. § 3553(a). *Id.*

This Court denied Defendant's motion for compassionate release on February 9, 2021, finding Defendant's asthma and obesity coupled with the risks from COVID-19 were "extraordinary and compelling" reasons for release, but that the non-retroactive change to the

1

maximum sentence under § 841(b)(1)(A) was not. (D. 119). After considering the applicable § 3553(a) factors, this Court found immediate release was not appropriate and that a sentence reduction was not warranted due to the seriousness of Defendant's offense, his criminal history, and disciplinary actions while in prison. *Id.* This Court also found the non-retroactive change to § 841(b)(1)(A) was not a sentencing disparity or a factor that should be given strong consideration when weighing the § 3553(a) factors. *Id.*

Defendant then filed a motion to reconsider, which was denied. (D. 122). He then filed an appeal arguing this Court erred in determining the non-retroactive change to § 841(b)(1)(A) was not an "extraordinary and compelling" reason for release, and that statutory sentence change should have been considered under § 3553(a). The Seventh Circuit affirmed, finding a non-retroactive change to a sentencing statute cannot be an "extraordinary and compelling" reason for sentencing reduction under § 3582(c)(1)(A)(i) citing its precedent in *United States v. Thacker*, 4 F.4th 569, 574 (7th Cir. 2021). (D. 127). The Seventh Circuit also found this Court neither erred in its consideration of § 841(b)(1)(A) under 18 U.S.C. § 3553(a), nor abused its discretion in determining the other § 3553(a) factors weighed against a sentence reduction. *Id.* The Seventh Circuit concluded by noting even if this Court had erred it would be harmless because "prisoners who have access to a vaccine cannot use the risk of COVID-19 to obtain compassionate release." *Id.* (quoting *United States v. Ugbah*, 4 F.4th 595, 597 (7th Cir. 2021) (citing *United States v. Broadfield*, 5 F.4th 801 (7th Cir. 2021)).).

On September 15, 2022, Defendant submitted a second motion for compassionate release request under 18 U.S.C. § 3582(c)(1)(A)(i) to FCI Pekin's Warden requesting the BOP file a motion for compassionate releases on his behalf. (D. 128, p. 35). Defendant identified his underlying health conditions, the prison's failure to control the spread of COVID-19, harsh prison

conditions, and inadequate medical care as "extraordinary and compelling" reasons warranting his release. *Id.* On September 30, 2022, the Warden denied his request stating:

> The BOP is taking extraordinary measures to contain the spread of Covid-19 and treat any affected inmates. We recognize that you, like all of us, have legitimate concerns and fears about the spread of the virus. However, your concern about being potentially exposed to, or possibly contracting, COVID-19 do not currently warrant an early release for your sentence.

*Id.* at p. 37.

On December 20, 2022, Defendant filed a 67-page "Motion for Reduction in Sentence Pursuant to the New First Step Act of 2018 / U.S.C. § 3582(c)(1)(A)(i); as well as President Biden's Executive Order on May 31st, 2022." (D. 128). Although titled and docketed as a First Step Act motion, the only retroactive portion of the Act is § 404(b) which permits sentence reductions for certain crack-cocaine offenses. First Step Act of 2018, Pub. L. 115-391, 1323 Stat. 519. Defendant was convicted of a methamphetamine offense and § 404(b) is inapplicable. Furthermore, the substance of Defendant's request is a motion for compassionate release, and therefore will be treated as such by this Court. On December 21, 2022, the Federal Public Defender filed a memorandum of notice of intent not to file an amended motion for compassionate release. (D. 129). On January 11, 2023, the Government filed a response. (D. 132). This Order follows.

## LEGAL STANDARD

Before filing a motion for compassionate release, a defendant is required to first request that the Bureau of Prisons (BOP) file a motion on his or her behalf. 18 U.S.C. § 3582(c)(1)(A). A court may grant a motion only if it was filed "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or after thirty days have passed "from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *Id.*

The compassionate release statute directs the Court to make three considerations: (1) whether extraordinary and compelling reasons warrant a sentence reduction; (2) whether a reduction is consistent with the factors listed in 18 U.S.C. § 3553(a); and (3) whether a reduction would be "consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1). The Seventh Circuit provided further instruction regarding the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons, which includes two steps. *United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021).

> At step one, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction…. Upon a finding that the prisoner has supplied such a reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) as part of determining what sentencing reduction to award the prisoner.

*Id.* The Seventh Circuit has also held that "because the Guidelines Manual lacks an applicable policy statement, the trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion." *United States v. Gunn,* 980 F.3d 1178, 1180 (7th Cir. 2020). This Court is therefore not bound by the Sentencing Commission's analysis in § 1B1.13 or the application notes regarding the definition of "extraordinary and compelling reasons." *Id*. at 1181.

## DISCUSSION

The Court finds Defendant has met the exhaustion requirements regarding whether his underlying health conditions coupled with the prison's failure to control the spread of COVID-19, harsh prison conditions, and inadequate medical care amount to an "extraordinary and compelling" reason for release. The Court further notes Defendant's motion identifies numerous other circumstances that district courts have found amount to "extraordinary and compelling" reasons to warrant compassionate release, such as jail credits not being given, exercising the right to go to

trial, sentence stacking, and family circumstances that he does not argue apply here. (D. 128, p. 5). Defendant also includes arguments regarding "sentencing disparity" or "excessive sentencing," that were not previously presented to the BOP. While those arguments may be considered by a district court under § 3553(a), we will do so only after an independent "extraordinary and compelling" reason for compassionate release has been established. *See United States v. Thacker*, 4 F.4th 569 (7th Cir. 2021); *see also United States v. King*, 40 F.4th 594 (7th Cir. 2022).

Before addressing Defendant's arguments regarding his underlying health conditions, this Court will first address Defendant's arguments relating to COVID-19, prison conditions, and medical care. The Seventh Circuit has made clear that "prisoners who have access to the vaccine cannot use the risk of COVID-19 to obtain compassionate release.". *Ugbah,* 4 F.4th at 597 ( citing *Broadfield,* 5 F.4th at 803). While this case is distinguishable from *Ugbah* and *Broadfield* to the extent those defendants refused the vaccine, and here Defendant is fully vaccinated, the Seventh Circuit has held COVID-19 is a not an extraordinary and compelling reason for release unless the prisoner is unable to benefit from the vaccine. *See Broadfield*, 5 F.4th at 803. Defendant has failed to present evidence that he falls within that exception. The fact that he still contracted COVID-19 and became ill after being vaccinated does not mean he did not benefit from the vaccination. Furthermore, to the extent Defendant challenges the conditions and medical care at FCI Pekin more generally, a motion for compassionate release is not the correct vehicle for such a challenge. *See United States v. Miller*, No. 21-1600, 2022 WL 2187555, at *1 (7th Cir. June 16, 2022).

### A. Defendant's Medical Conditions

The Sentencing Commission's policy statement in United States Sentencing Guidelines § 1B1.13 addresses sentence reductions based on medical conditions under § 3582(c)(1)(A). Per the policy statement, an "extraordinary and compelling" medical reason for release can include a

serious medical condition that substantially diminishes the defendant's ability to provide self-care within the environment of a correctional facility and from which he is not expected to recover. *See* USSG § 1B1.13, cmt. n.1(A). In *United States v. Gunn,* the Seventh Circuit clarified that courts are not bound by the Sentencing Commission's analysis in § 1B1.13 regarding the definition of "extraordinary and compelling" reasons, but strongly suggested that those guidelines are still relevant to district courts' decisions. 980 F.3d at 1180-81.

Here, Defendant argues over the last two years his health has deteriorated significantly. He claims he suffers from obesity, chronic C.O.P.D., and is wheelchair bound due to issues with his lower extremities. Due these health conditions, Defendant claims he is unable to do daily activities without assistance such as going to eat, picking up daily medication, going outside, and to the education department. (D.128, p. 20). Despite his alleged immobility, Defendant is still able to shower without assistance from other inmates. Defendant also concedes that his medical needs for his legs and knees are being attended to, he claims he has been subject to isolation and has been denied adequate mental health care.

A review of Defendant's medical records show he has sleep apnea that is being treated every night with a CPAP machine. For over five years Defendant has suffered from bilateral knee pain and deterioration. In December 2022, the BOP's Chronic Care Clinic provider, who Defendant sees routinely, referred him to an orthopedic specialist to be evaluated for knee replacement surgery. As of that time, he had been provided and was using a wheelchair and cane for mobility. To the extent Defendant feels like he is being isolated because of his knees, his medical records do not reflect this. Also, it appears that he is receiving treatment and may receive a knee replacement, which should help with any mobility issues.

Defendant's medical records also show he contracted COVID-19 on December 12, 2020, and suffered from severe chest pain, difficulty breathing, and nausea. As a result, he was transferred to the local emergency department. Those treatment records have not been produced. In September and October 2021 Defendant received the two-part COVID-19 vaccination, after initially declining it in March 2021. He also received COVID-19 booster shots in June and November 2022. (D. 133-2). In January 2022, he tested positive again for the virus after being vaccinated. His medical records do not show he suffered from severe symptoms or that he required emergency medical treatment. This indicates to the Court that the COVID-19 vaccination may have been beneficial to Defendant.

Based on the foregoing, this Court finds Defendant's health conditions are not an "extraordinary and compelling" reason to release Defendant, whether considered alone or together with any other reason. To the extent Defendant believes he is not receiving what he believes to be proper treatment for his medical conditions, either physical or mental, a motion for compassionate release is not the correct vehicle for such a challenge. *See United States v. Miller*, 2022 WL 2187555, at *1.

B. **The § 3553(a) Factors**

The Seventh Circuit has held that the proper analysis when evaluating a motion for a discretionary sentencing reduction under § 3582(c)(1)(A) based on "extraordinary and compelling" reasons must proceed in two steps. *Thacker,* 4 F.4th at 576. First, the prisoner must identify an "extraordinary and compelling" reason warranting a sentence reduction. *Id.* Upon a finding that an "extraordinary and compelling" reason exists, step two requires a district court to exercise its discretion to consider any applicable sentencing factor in § 3553(a) to determine what sentence reduction to award the prisoner. *Id.*

Here, this Court found that Defendant failed to identify an "extraordinary and compelling" reason warranting a sentence reduction. Therefore, the Court need not consider the sentencing factors under § 3553(a). Even if the Court were to reach the 3553 factors, the court would continue to find that consideration of those factors weighs against granting compassionate release.

## CONCLUSION

For the reasons set forth above, Defendant's Second Motion for Compassionate Release [128] is DENIED.

ENTERED February 13, 2022.

s/ Michael M. Mihm<br>
Michael M. Mihm<br>
United States District Court Judge